IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE DEJESUS RODRIGUEZ,

    Plaintiff,                         No. CIV S-05-2572 MCE JFM PS

    vs.

JEFF ANDERSON, et al.,

    Defendants.                    ORDER

_____/

        Plaintiff has requested the appointment of counsel pursuant to 28 U.S.C. § 1915(d) and Forbes v. Edgar, 112 F.3d 262, 264 (7th Cir. 1997).[1]  Title 28 U.S.C. § 1915(d) makes no provision for appointment of counsel.  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

        To the extent plaintiff seeks appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1)(B), his request is similarly unavailing.  Any successful application for

---

[1] The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  The Forbes court also noted "an indigent civil litigant in federal court has no right to the appointment of counsel."  Forbes, 112 F.3d at 264.

1

appointment of counsel must comply with criteria set forth in Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301 (9th Cir. 1981).  Before appointing counsel to plaintiff, the Ninth Circuit's decision in Bradshaw requires the court to consider (1) plaintiff's financial resources, (2) the efforts already made by plaintiff to secure counsel, and (3) plaintiff's likelihood of success on the merits.  Id. at 1318.  Appointment of counsel is not a matter of right.  See Ivey v. Board of Regents, 673 F. 2d 266 (9th Cir. 1982).

Because plaintiff is proceeding in forma pauperis, the first factor, which relates to his financial condition, is a fortiori resolved in his favor.  As to the second factor, plaintiff states only that he terminated his first attorney because of her failure to communicate with him.  The efforts plaintiff appears to have made to secure counsel are minimal.  After reviewing the amended complaint, the court has determined appointment of counsel is not warranted in this matter.

Accordingly, IT IS HEREBY ORDERED that plaintiff's March 28, 2006 request for the appointment of counsel is denied.

DATED:  May 31, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

/001; rodriguez.31

2