IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE DEJESUS RODRIGUEZ,

    Plaintiff,                    No. CIV S-05-2572 MCE JFM PS

  vs.

JEFF ANDERSON, et al.,

    Defendants.              ORDER

_____/

        Plaintiff is proceeding pro se with a civil rights action. On July 6, 2006, plaintiff filed a document entitled "Plaintiff's First Status Report Combined With Objections to Magistrate Judge's Findings and Recommendations; and Petition for Recusal." In addition to recusal, plaintiff seeks reconsideration of this court's order denying appointment of counsel and the order requiring the filing of a status report. Plaintiff contends that in light of plaintiff's pro se status, these orders reflect the undersigned is "prejudiced against [plaintiff] or his interests in this action or proceeding so that [plaintiff] cannot or believes that he cannot have a fair and impartial trial or hearing before said judge." (Id. at 1.) This court will deal first with the request for disqualification, and the request for reconsideration will be dealt with below.

/////

/////

1

1    A judge is required to disqualify himself if his impartiality might reasonably be
2 questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party, 28
3 U.S.C. § 455(b)(1).

4    Plaintiff has failed to demonstrate such partiality, bias or prejudice.  The
5 undersigned found that plaintiff simply had not met the factors required to demonstrate
6 appointment of counsel.  (See May 31, 2006 Order at 2 citing Bradshaw factors.)[1]  The order
7 denying counsel did not reflect an extreme disposition, animosity, partiality, or inability to render
8 a fair judgment in the instant action.  The order was not the product of bias or prejudice and this
9 court has no feelings of that sort about the plaintiff.  The order denying counsel also did not
10 reflect the court's opinion as to how the instant action should be resolved nor does this court hold
11 an opinion as to how the instant action should be resolved.

12    The order requiring plaintiff to file a status report is similarly devoid of bias;
13 indeed, that order is a procedural tool the court uses to set a schedule for the case to proceed to
14 trial.  Defendants were also required to file a status report.

15    In light of the above, plaintiff's request to recuse the undersigned will be denied.

16    The court now turns to plaintiff's request for reconsideration of this court's May
17 31, 2006 order which was filed on July 6, 2006.  The request to reconsider should be decided by
18 the district judge assigned to this case.  28 U.S.C. § 636(b)(1)(A).  Accordingly this portion of
19 plaintiff's motion will be referred to the district judge assigned to this case.

20    Accordingly, IT IS HEREBY ORDERED that:

21    1. Plaintiff's July 6, 2006 request for recusal is denied.

22    2. The Clerk of the Court is directed to forward a Bradshaw packet to plaintiff at
23 his current address.

---

[1] If plaintiff believes he can demonstrate he qualifies for appointment of counsel under Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301 (9th Cir. 1981) he is free to renew his motion for appointment of counsel by addressing the factors set forth in the May 31, 2006 order.

1       3. Plaintiff's July 6, 2006 request for reconsideration is referred to the district
2 judge assigned to this case.
3 DATED: July 25, 2006.

```
                              /s/ John F. Moulds
                       UNITED STATES MAGISTRATE JUDGE
```

7 001;rodriguez.rec