IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE DEJESUS RODRIGUEZ,

    Plaintiff,                    No. CIV S-05-2572 MCE JFM PS

    vs.

JEFF ANDERSON, ANDERSON
BUILDERS INCORPORATED, et al.,

    Defendants.            <u>ORDER</u>

_____/

        Plaintiff is proceeding in propria persona and in forma pauperis with a wrongful termination complaint based on diversity jurisdiction. Plaintiff has again moved for appointment of counsel. Pursuant to Local Rule 78-230(h), the court finds the matter suitable for disposition without argument, on the record.

        In the complaint filed December 19, 2005, plaintiff alleges the following:

        Defendants terminated his employment without good cause, basing their decision on "insubordination."[1] Plaintiff sought unemployment insurance benefits, which defendants challenged. The California Employment Development Department ("EDD") investigated

---

[1] Plaintiff states he advised the employer that "no such 'insubordination' had actually taken place, or, that if they had, they were mere infractions, bad points, or offenses so minute, petty, and insignificant so as to have failed to have qualified as Good cause for termination." Complaint at 3. Plaintiff was terminated anyway.

1

1  plaintiff's termination.  Defendants failed to convince EDD that good cause for termination had
2  been established.² Plaintiff was granted unemployment insurance benefits based on this
3  termination.  Defendants "[b]reached the contract entered into in bad faith merely to reorganize,
4  reduce, and consolidate their workforce." (Complaint at 4.)  Moreover, defendants failed to
5  establish that the alleged misconduct had taken place. (Complaint at 4, quoting Coltron v.
6  Huding Hall International, Inc., 17 Cal. 4th 93.

7       Plaintiff alleges he was subjected to a hostile work environment. (Complaint at 5-
8  6.)  Plaintiff further alleges defendants retaliated against him. (Complaint at 6-7.)  Within this
9  claim, plaintiff contends union workers received preferential treatment because his assigned
10 workload was higher than the union workers. (Complaint at 6.)  Plaintiff contends his immediate
11 supervisor favored "non-U.S. born Mexican Citizens because they accepted lower wages,
12 hostilities, over-working, contractual breaches, and all of the workplace evils that attend to an
13 industry such as construction." (Complaint at 6.)

14       Plaintiff contends he was wrongfully terminated in violation of public policy
15 without good cause and in bad faith and said termination breached the covenant of good faith and
16 fair dealing. (Complaint at 7-10.)

17       Finally, plaintiff alleges defendants have taken affirmative steps to deny plaintiff
18 access to medical attention by fraudulently concealing the existence of his work-related injury
19 and its connection to his employment. (Complaint at 10.)

20       Plaintiff filed a complaint with the Equal Employment Opportunity Commission
21 ("EEOC") and a right-to-sue letter was issued on October 24, 2005.

22       Plaintiff seeks appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f).  Title
23 42 U.S.C. § 2000e-5(f)(1) provides for the appointment of counsel in employment discrimination
24 cases under appropriate circumstances.  Title VII provides for appointment of counsel "in such

---

² It appears plaintiff contends defendants did not grant plaintiff a fair hearing prior to the termination and also failed to investigate plaintiff's "side of the story." (Complaint at 4.)

1 circumstances as the court may deem just . . . ."  42 U.S.C. § 2000e-5(f)(1).  There is no
2 constitutional right to appointed counsel for employment discrimination claims.  <u>Moore v.
3 Sun-Beam Corp.</u>, 459 F.2d 811 (5th Cir. 1977).  Appointment of counsel is not a matter of right.
4 See <u>Ivey v. Board of Regents</u>, 673 F. 2d 266 (9th Cir. 1982).

5  The gravamen of plaintiff's complaint is that he was wrongfully terminated from
6 his employment. This is essentially a state law claim raised in federal court under diversity
7 jurisdiction.  Plaintiff, however, raises no claims of employment discrimination.  Plaintiff does
8 not allege any facts which indicate that defendants discriminated against him on the basis of his
9 race.  Title VII does not address the appointment of counsel for assistance in litigating state law
10 claims.  Thus, plaintiff is not entitled to appointment of counsel under 42 U.S.C. § 2000e-5(f) or
11 <u>Bradshaw v. Zoological Society of San Diego</u>, 662 F.2d 1301 (9th Cir. 1981).

12  Moreover, even assuming, *arguendo*, plaintiff had raised employment
13 discrimination claims, the court would not find appointment of counsel appropriate at this stage
14 of the litigation.  Plaintiff has met the first factor of <u>Bradshaw</u> (see May 31, 2006 order) and
15 arguably the second <u>Bradshaw</u> factor by his unsuccessful efforts to retain six separate attorneys
16 (August 1, 2006 Declaration at 2-3).  However, the third factor, whether the complaint has merit,
17 cannot be discerned this early in the litigation.

18  First, the instant case differs from <u>Bradshaw</u> in that <u>Bradshaw</u> received a
19 favorable EEOC determination.  Here, the EEOC did not reach the merits of plaintiff's case.
20 Rather, the EEOC stated "[l]ess than 180 days have passed since the filing of this charge, but I
21 have determined that it is unlikely that the EEOC will be able to complete its administrative
22 proceedings within 180 days from the filing of the charge" and "[t]he EEOC is terminating its
23 processing of this charge."  (Pl.'s Complaint, Ex. A.)  Therefore, the EEOC notice of right to sue
24 offers no insight as to the merits of plaintiff's complaint herein.

25  Second, the court simply cannot make a merits determination based on plaintiff's
26 complaint.  Defendants have not yet appeared in this action and were granted an extension of

3

time until August 25, 2006 in which to file a responsive pleading. Based on this record, the court cannot make any finding as to merit.

Because plaintiff has not raised employment discrimination claims herein, the court will construe plaintiff's second motion for appointment of counsel as a request for counsel based on 28 U.S.C. § 1915(d). Plaintiff was granted leave to proceed in forma pauperis and therefore is entitled to consideration of appointment of counsel thereunder.

One court has noted "an indigent civil litigant in federal court has no right to the appointment of counsel." Forbes v. Edgar, 112 F.3d 262, 264 (7th Cir. 1997).[3] In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied without prejudice.

On August 9, 2006 plaintiff filed two documents entitled "Petition for Writ of Mandate" and "Alternative Writ of Mandate." Plaintiff cites to Fed. R. Civ. P. 60(b) and appears to seek relief from the district court's order denying reconsideration of his prior motion for appointment of counsel.

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or

---

[3] The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).

4

> otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b)

Plaintiff's request for reconsideration was denied as untimely brought. (August 2, 2006 Order.) Plaintiff contends that he should be relieved from the ten day deadline because he is proceeding without benefit of counsel.

Courts must construe pro se pleadings liberally and "tolerate informalities from civil pro se litigants." See Rand v. Rowland, 154 F.3d 952, 957-58 (9th Cir.1998) (en banc). Federal courts are instructed to liberally construe the "inartful pleading of pro se litigants," especially "when evaluating compliance with the technical rules of civil procedure." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.1992) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982); Draper v. Combs, 702 F.2d 915, 924 (9th Cir.1986)) (other citations omitted). However, pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir.) (dismissing pro se prisoner's case for failure to comply with local rule by filing opposition brief), cert. denied, 516 U.S. 838 (1995); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987); Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986).

In the instant action, it is not necessary to revisit the initial order denying appointment of counsel because the denial of counsel was without prejudice to plaintiff renewing the motion at a later date. Plaintiff did renew his motion for appointment of counsel and, because this court has again denied his motion, plaintiff will hereafter be free to file a request for

/////

/////

/////

reconsideration in the district court[4] or file a notice of appeal under Fed. R. App. P. 4.[5] However, plaintiff is cautioned that the Court of Appeals for the Ninth Circuit takes the position that denials of appointed counsel are immediately appealable in Title VII cases, but are not in 42 U.S.C. § 1983 cases.  See Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir.1986).

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's August 1, 2006 motion for appointment of counsel under 42 U.S.C. § 2000e and Bradshaw, 662 F.2d at 1301, is denied;

2.  Plaintiff's motion for appointment of counsel under 28 U.S.C. § 1915(d) is denied without prejudice; and

3.  Plaintiff's August 9, 2006 petition for writ of mandate, construed as a motion to set aside an order under Fed. R. Civ. P. 60(b), is denied without prejudice.

DATED:  September 18, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

001; rodr2572.aty

---

[4] As noted in the district court's order, requests for reconsideration must be sought within ten court days from the date of service of the ruling on the parties. E.D. Local Rule 72-303(b). (August 2, 2006 Order at 1.)

[5] Rule 4(a) of the Federal Rules of Appellate Procedure requires notices of appeal to be filed with the district clerk within thirty days after the judgment or order appealed from is entered.  Id.  All plaintiff is required to file is a document entitled "Notice of Appeal," and within the document state he is appealing the court's order, sufficiently identifying the order from which he is appealing, perhaps referencing the date it was issued and dating and signing the notice. Said filing must be accompanied by a certificate of service attesting to service of a copy of the notice on defendants and or their counsel of record.  Fed. R. Civ. P. 5.